UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

**PROVIDENCE YOUTH STUDENT MOVEMENT (PrYSM),**
    *Plaintiff*

v.        Civil Action No. 1:19-cv-00378-WES-PAS

**JORGE ELORZA, alias, in his individual and official capacity as Mayor of Providence, STEVE PARÉ, in his individual and official capacity as Public Safety Commissioner, HUGH CLEMENTS, alias, in his individual and official capacity as Chief of Police, and the CITY OF PROVIDENCE, by and through its Treasurer, James J. Lombardi, III**
    *Defendants*

## CONSENT AGREEMENT

The parties hereby agree to the following in resolving the above-captioned matter:

1) Plaintiff and Defendants have engaged in a collaborative and cooperative process to revise the Providence Police Department's Intelligence Assessment Database Policy (Number/Series 360.10), which is attached hereto as <u>Exhibit A</u>.

2) Defendants do not admit any liability or acknowledge any wrongdoing in resolving this matter.

3) Defendants agree that they will provide the Plaintiff with any proposed changes or modifications to the Intelligence Assessment Database Policy as set forth in <u>Exhibit A</u>, or any other policies that pertain to criminal street gangs at least thirty (30) days before said changes are to take effect.

    a. The Plaintiff will be given the opportunity to communicate any concerns or recommendations to the Defendants and Defendants shall take those recommendations under advisement before the proposed changes take effect.

    b. This provision shall supplement but not replace the role of the Providence External Review Authority (PERA) as set forth in Prov. Code of Municipal Ordinance, §18 ½ - 2(b)(2).

    c. This provision shall remain in effect for a period of ten (10) years from the date of this agreement, at which time said provision shall be subject to review, modification, or termination upon request of the parties.

    d. This provision will no longer apply if Plaintiff ceases operations, becomes defunct, or otherwise is no longer incorporated as a non-profit entity under the laws of the State of Rhode Island.

4) In recognition of the work of the Plaintiff and Plaintiff's counsel in working collaboratively with the Defendants to revise this policy, the City of Providence agrees to pay two thousand five hundred ($2,500.00) dollars in attorney's fees.

5) Plaintiff's claim against the Defendants is dismissed with prejudice.

**CONSENTED TO:**

**For Plaintiff:**

/s/Shannah Kurland
Shannah Kurland, Esq. (#9186)
149 Lenox Avenue
Providence, RI 02907
Skurland.esq@gmail.com

**For Defendants**

/s/ Jeff Dana
Jeff Dana, Esq.
City Solicitor
/s/ Steven B. Nelson
Steven B. Nelson, Esq. (#8142)
Sr. Assistant City Solicitor
444 Westminster Street, Suite 220
Providence, RI  02903
snelson@providenceri.gov

**ENTER:** _____  **PER ORDER:** _WEsmith_____

**DATE:** March 10, 2020

2

DATED:  March 9, 2020

Certificate of Service

  I hereby certify that on this 9th day of March, 2020, I filed this document electronically and that it is available for viewing and downloading from the ECF system.

                   /s/ Steven B. Nelson

# EXHIBIT A

# PROVIDENCE POLICE DEPARTMENT
## HEADQUARTERS
## COLONEL HUGH T. CLEMENTS, JR.
### CHIEF OF POLICE

| TYPE OF ORDER | NUMBER/SERIES | ISSUE DATE | EFFECTIVE DATE |
|---|---|---|---|
| General Order | 360.10 | 2/11/2020 | 2/11/2020 |
| **SUBJECT TITLE** | | **PREVIOUSLY ISSUED DATES** | |
| Intelligence Assessment Database | | Rescinded 7/19/2019; 12/10/2018; 6/1/2018 | |
| **REFERENCE** | | **RE-EVALUATION DATE** | |
| N/A | | 8/11/2020 | |
| **SUBJECT AREA** | | **DISTRIBUTION** | |
| Law Enforcement Operations | | All Sworn Personnel | |

**PURPOSE**

The purpose of this policy is to establish the creation of the Providence Police Department's Intelligence Assessment Database and to define parameters pertaining to its structure and use.

**POLICY**

It is the policy of the Providence Police Department to implement and maintain an intelligence-driven database system that provides: (1) the ability to identify and differentiate between gang members and non-gang members; (2) information that can be used to devise effective interdiction strategies and afford protections to the community from criminal activity, including gang-related crimes and violence; and (3) fair, unbiased, and constitutionally sound methods of gang member designation and designation appeal procedures that adhere to all applicable Providence City Ordinances and state and federal laws.

**DISCUSSION**

The mission of the Providence Police Department Violent Crime Task Force (VCTF) is to proactively reduce gun violence, particularly concentrating on individuals affiliated with gangs or violent criminal behavior. The VCTF utilizes traditional policing strategies, incorporating prevention, intervention and enforcement efforts, as well as intelligence-led policing strategies to inform decision-making at every level.

Patrol officers and detectives collect information and focus on sources of firearm and gang violence through the identification of individuals, groups, and locations. VCTF works collaboratively with community partners and other stakeholders to garner information on illegal firearms and related violence. Officers aim to prevent ongoing

conflicts among street gangs through direct interaction with individuals and groups. Officers not only respond to but anticipate retaliatory violence between groups, and make every effort to deter further violence. Through community-based partnerships, suitable individuals with whom the VCTF makes contact are referred to social service agencies and are offered a variety of opportunities for services and supports.

For the purpose of this General Order, the following definitions shall apply:

*Criminal Street Gang (i.e. "Gang")*:  An ongoing organization, association, or group of three (3) or more persons, whether formal or informal, having as one of its primary activities the commission of criminal, delinquent, or unlawful acts; having an identifiable name or common identifiable signs, colors, or symbols; and whose members individually or collectively engage in, or have engaged in, a pattern of criminal street gang activity.

*Criminal Street Gang Activity*:  Criminal, delinquent, unlawful, or other acts conducted for any of the following reasons:  to enhance the criminal or unlawful standing or reputation of the criminal street gang in a neighborhood, as retaliation for acts of opposing criminal street gangs, to threaten opposing criminal street gangs, to provoke opposing criminal street gangs, to claim territory in the name of a criminal street gang, to intimidate members of the local community, to enhance the criminal or unlawful reputation of an individual criminal street gang member or criminal street gang within the gang community, to prove or demonstrate loyalty to a criminal street gang, to aid members of a criminal street gang in criminal or unlawful endeavors, or to assist in recruiting new members to a criminal street gang.

*Gang Member*: Any person, whether a juvenile or an adult, who has met the gang member designation criteria below. However, the Chief of Police and the Commissioner of Public Safety shall have the sole discretion to remove the gang member designation or decline to designate the individual as a gang member. Notwithstanding this fact, an individual may challenge his or her inclusion pursuant to section VII of this policy.

*Gang Member Verification Report*: A printable summary of the criteria used to verify an individual as a gang member.

*Intelligence*: A collection of information to be used for investigative purposes.

*Intelligence Assessment Database:* A database maintained by the VCTF that includes gang members and other subjects deemed appropriate for entry into the database for intelligence purposes.

*Specific Intent:* The intent to accomplish the precise act of criminal street gang activity that one is alleged to have been engaged.

**PROCEDURE**
**I.     GENERALLY**
     A.     No police officer shall identify any individual as a member of a gang in any list or database maintained or used by the Department, nor in any reports, memoranda or other documents, unless the individual meets the criteria for designation as a gang member.  No Police Department official authorized to enter information into the Intelligence Assessment Database

("the database") shall identify any individual as a gang member. The list of criteria used to determine gang membership shall be public information, and shall be subject to review by the Providence External Review Authority (PERA).

**II.  GANG MEMBER DESIGNATION**
    A.  *Gang Member Designation Criteria*:  To be included on the Providence Police Department's intelligence assessment database as a gang member, an individual must demonstrate **one (1)** of the following criteria:

        1.  Self-admission as a member of a criminal street gang.

        2.  Personally commits an act constituting criminal street gang activity with specific intent and with knowledge that the criminal street gang members engage in, or have engaged in, a pattern of criminal street gang activity.

        3.  Personally aides one or more persons in the commission of criminal street gang activity with specific intent and with knowledge that the criminal street gang members engage in, or have engaged in, a pattern of criminal street gang activity.

        4.  Has been arrested at least once for an act constituting intentional commission of criminal street gang activity with specific intent and with knowledge that the criminal street gang members engage in, or have engaged in, a pattern of criminal street gang activity. If any charge or charges stemming from the arrest result in anything less than a conviction or plea of nolo contendere, the Providence Police Department will immediately remove this criterion from the individual's assessment.

        5.  Targets, either through actual violence or threats of violence, another individual whom police suspect to be a gang member pursuant to the criteria set forth herein of a rival criminal street gang in the commission of criminal street gang activity with specific intent and with knowledge that the criminal street gang members engage in, or have engaged in, a pattern of criminal street gang activity.

        6.  Has authored any communication admitting personal responsibility for the commission of any specific act of criminal street gang activity with knowledge that the criminal street gang members engage in, or have engaged in, a pattern of criminal street gang activity.

        7.  Prior gang member validation by a law enforcement agency that follows federal, state, or local intelligence assessment policies and practices and that does not consider association with other people identified as gang members or any substantially equivalent factor and is otherwise consistent with the criteria contained in this general order.  The Providence Police Department will document

the specific factors the other law enforcement agency has utilized to ensure they are consistent with the criteria contained herein.

8. Named in official criminal street gang documents, such as articles of incorporation, bylaws, or the like, as a member of the criminal street gang at a time when the named individual has knowledge that the criminal street gang members engage in, or have engaged in a pattern of criminal street gang activity and when the named individual has the specific intent to promote, advance, or encourage criminal street gang activity.

9. Named as a criminal street gang member by a tested and reliable confidential informant provided the police officer confirms that the basis of the confidential informant's knowledge does not consider mere association with other people identified as gang members or any substantially equivalent factor and is otherwise consistent with the criteria contained in this general order.  The Providence Police Department will document the specific factors the confidential informant has utilized to ensure they are consistent with the criteria contained herein. In addition, the Providence Police Department will not utilize anonymous, unsubstantiated, or untested information from a confidential informant to satisfy this criterion.

B. Notwithstanding that an individual may meet the criteria above, the Chief of Police or the Commissioner of Public Safety shall maintain sole discretion to remove the gang member designation or decline to designate the individual as a gang member. Notwithstanding this fact, an individual may challenge his or her inclusion pursuant to section VII of this policy.

C. The exclusive fact that an individual is in the intelligence assessment database does not constitute reasonable suspicion or probable cause for the purposes of searching, detaining or arresting any individuals.

D. Any individual may make a direct inquiry at the Providence Public Safety Complex with the Office of Professional Responsibility or via email with the officer in charge of the Office of Professional Responsibility to learn whether their name has been included in the intelligence assessment database.  If such disclosure does not adversely impact imminent law enforcement action, the individual shall be informed of whether or not they are designated as a gang member by written notice no later than ten (10) business days after the inquiry is received.  Additionally, the written notice shall explain the right to appeal and the process by which to appeal the individual's designation as a gang member.  The fact that an individual inquired about their designation shall not constitute evidence that the individual is a gang member, nor shall it be included in the criteria for the individual's designation as a gang member.

E. Prior to designating any individual under eighteen (18) years of age as a gang member, the Providence Police Department shall provide written notice of the designation and the basis for the designation by notarized letter, delivered via certified mail, to the individual and their parent(s) or legal guardian(s), unless such disclosure would adversely impact

imminent law enforcement action or endanger the individual.  Additionally, the written notice shall explain the right to appeal and the process to appeal the individual's pending designation as a gang member.

### III. SUBMISSIONS TO THE INTELLIGENCE ASSESSMENT DATABASE

A. Officers are able to submit an individual for consideration for admission into the database utilizing the criteria included in subsection II. A. of this policy.  All prospective gang member designation submissions shall include documentation to support the individual's entry into the database based upon the Department's gang member verification system.  This documentation may include, but is not limited to, incident reports, intelligence reports, records of conviction(s), and information gathered from social media.  Submissions may be made to the members of the VCTF, with final approval for database entry made by the Commanding Officer of the VCTF prior to the entry of the individual into the database.

### IV. ACCESSING THE INTELLIGENCE ASSESSMENT DATABASE

A. The Department will provide access to the database for each sworn officer and authorized user.  All officers/authorized users must complete a User Agreement before being granted access to the database. Officers/authorized users must have a legitimate law enforcement purpose for accessing the database, such as an ongoing investigation or in support of prosecutorial efforts.

B. Officers not assigned to the VCTF will have the following access permissions:

   1. READ all database entries within the system.
   2. SEARCH all database entries within the system.

C. Additional access permissions may be granted at the discretion of the Commanding Officer of the Investigative Division.

D. Only members assigned to the VCTF will have data entry ability with approval by the Commander of the VCTF.

### V. DISSEMINATION OF INTELLIGENCE ASSESSMENT DATABASE INFORMATION

A. All data and information contained in the database is law enforcement sensitive.  All court ordered, defense requested, or public requested production of information contained in the database shall be directed to the City of Providence Law Department.

### VI. REVIEW OF GANG MEMBER DESIGNATION ENTRIES

A. The Commander of the Investigative Division or designee, in collaboration with the Commander of the VCTF or designee, shall be responsible for

       ensuring that database files are maintained in accordance with the goals and objectives set forth in this directive and in accordance with the Providence Community-Police Relations Act.

    B.    If an individual has no convictions within a two-year period after having been designated as a gang member, and no new evidence or documentation meeting the criteria for designation as a gang member has been presented, the individual shall no longer be designated as a gang member and all records directly related to designation as a member on the gang list and all related records destroyed automatically. A letter confirming that the individual is no longer designated as a gang member shall be sent to the individual at their last known address. Notwithstanding the above, the two-year period shall not include any time that the individual spent incarcerated or serving a suspended sentence.

**VII. GANG MEMBER DESIGNATION APPEALS**

    A.    Any individual who is designated as a gang member may appeal their designation by filing a civilian complaint with the Office of Professional Responsibility (OPR) by U.S. mail, electronic mail or telephonic request by the individual or their attorney. A joint investigation of the complaint by OPR and the Commanding Officer of the VCTF that includes an analysis of the individual's Gang Member Verification Report shall be conducted in accordance with the procedures pertaining to civilian complaint investigations. If the police department and the individual agree that the individual's name was included on the list in error, the name shall be removed. The Chief of Police shall make final decisions on gang member designation appeals, and/or;

    B.    An individual who is designated as a gang member may also challenge that designation via a formal appeals process to PERA, in accordance with all applicable Providence City Ordinances and state and federal laws.

    C.    In the event that an appeal is not successful, a notation will be made in the individual's database record, and in any transmission of the information concerning that individual, documenting that the individual disagrees with their designation as a gang member. The appellant in an unsuccessful appeal shall not be permitted to appeal their designation as a gang member again for at least one (1) calendar year.

    D.    No information related to on-going appeals or successfully contested appeals of gang member designations shall be shared with any third party unless required by law.

**VIII. PROVISIONS**

    A.    Each year, the Providence Police Department shall produce a report providing the total number of individuals who are designated as gang members, the total number of individuals who are designated as gang

members, the total number of individuals who have challenged their respective designations as gang members, and the total number of individuals removed from the Intelligence Assessment Database along with demographic detail including age, race, ethnicity, and gender.

B. Each year, the Providence Police Department shall engage an independent auditor, selected by PERA, the City Solicitor, and the Commissioner of Public Safety, to audit the Intelligence Assessment Database, identify any errors, and make recommendations for improving the operations and use of the database. A full report of the results of the audit shall be provided to the Commissioner of Public Safety, the Chief of Police, and to PERA for its review. In the auditor's report, the names of individuals who have been designated as gang members shall not be included, and shall instead, be replaced with unique identifying numbers. The identity of the auditor shall remain confidential.

**APPROVED:**                                    **APPROVED:**

*[signature]*                                    *[signature]*

STEVEN M. PARÉ                                   HUGH T. CLEMENTS, JR.
COMMISSIONER                                     COLONEL
DEPARTMENT OF PUBLIC SAFETY                      CHIEF OF POLICE